**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANN MARIE RONCA, ) | |
| ) | |
| Plaintiff ) | **Case No.:** |
| ) | |
| v. ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| RETRIEVAL – MASTERS CREDITORS ) | **JURY TRIAL** |
| BUREAU, INC. d/b/a AMERICAN ) | |
| MEDICAL COLLECTION AGENCY, ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| Defendant ) | |
| ) | |

## COMPLAINT

ANN MARIE RONCA ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against RETRIEVAL – MASTERS CREDITORS BUREAU, INC. d/b/a AMERICAN MEDICAL COLLECTION AGENCY ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDPCA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Charlestown, Massachusetts 02129.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. 15 U.S.C. § 1692k(a); see also Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a national debt collection company with its corporate headquarters located at: 4 Westchester Plaza, Suite 110, Elmsford, New York 10523.

9. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a debt and repeatedly contacted Plaintiff in its attempts to collect a consumer debt.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

13. Upon information and belief, the alleged debt at issue arose out of transactions that were primarily for personal, family, or household purposes.

14. By way of background, beginning in or around January or February 2015, Defendant began to place repeated harassing calls to Plaintiff's cellular telephone.

15. During the phone calls, representatives of the Defendant asked to speak to an unknown male named James.

16. Soon after the calls began, Plaintiff informed Defendant that it had the incorrect telephone number and to stop calling her.

17. Defendant acknowledged Plaintiff's request to cease calls and promised to terminate calls to Plaintiff's cellular telephone.

18. However, the calls continued through September 2015.

19. Plaintiff reiterated the request that calls cease on numerous occasions after the initial request.

20. Once Defendant was aware its calls were unwanted and that it was not calling the correct telephone number any continued calls could only have been for the purpose of harassing Plaintiff.

21. These calls were particularly frustrating to Plaintiff as she has an autistic child who has a hearing impairment. Often these calls would arrive when she was communicating with the child and would disrupt her ability to care of her child.

22. Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment of a third party's debt from Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

23. In its actions to collect a consumer debt, Defendant violated the FDCPA in the following ways:

**COUNT I**

a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the

3

natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

      b.     A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

      c.     Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it placed repeated harassing calls to Plaintiff, as well as continued to call her on her cellular telephone after being told to stop calling her at that number, with the intent to annoy, abuse and harass her.

WHEREFORE, Plaintiff, ANN MARIE RONCA, respectfully prays for a judgment as follows:

      a.     All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

      b.     Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

      d.     Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANN MARIE RONCA, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date:   4/29/16                             By:  */s/ Craig Thor Kimmel*
                                                 CRAIG THOR KIMMEL
                                                 BBO# 662924
                                                 Kimmel & Silverman, P.C.
                                                 30 East Butler Pike
                                                 Ambler, PA 19002
                                                 Phone: (215) 540-8888
                                                 Fax: (877) 788-2864
                                                 kimmel@creditlaw.com